LAW OFFICES OF BARAK BERLIN
BARAK J. BERLIN (CASB No. 216115)
Email: Barak@BerlinLawGroup.com
27349 Jefferson Ave, Ste 208
Temecula, CA 92590
Telephone: (951) 296-6188
Facsimile: (951) 296-6187

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE LEE, <br><br> Plaintiff, <br><br> vs. <br><br> PENTAGON FEDERAL CREDIT UNION, MENDELSON, GOLDMAN, AND SCHWARZ, A PROFESSIONAL CORPORATION, LEE M. MENDELSON, MARC A. SCHWARZ, MARTIN F. GOLDMAN, and DOES 1-10, Inclusive, <br><br> Defendants. | CASE NO. <br><br> COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT <br><br> JURY TRIAL DEMANDED |

COMES NOW the Plaintiff, MICHELLE LEE ("Plaintiff"), by way of Complaint against the Defendants, says:

**I. PRELIMINARY STATEMENT**

1.   MICHELLE LEE ("Plaintiff"), through Plaintiff's attorney, brings this action to challenge the actions of the PENTAGON FEDERAL CREDIT UNION, MENDELSON, GOLDMAN, AND SCHWARZ, A PROFESSIONAL CORPORATION, LEE M. MENDELSON, MARC A. SCHWARZ, and MARTIN F. GOLDMAN ("Defendants"), with regards to attempts by Defendants to

unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

5. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## II. JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

8. Because Defendants do business within the State of California, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

## III. PARTIES

10. Plaintiff Michelle Lee is a natural person who resides in the City of Fullerton, County of Orange, State of California.

11. At all times relevant to this Complaint, Pentagon Federal Credit Union was a Virginia Corporation with an address and principal place of business of 2930 Eisenhower Ave, Alexandria, VA 22314.

12. At all times relevant to this Complaint, MENDELSON, GOLDMAN, AND SCHWARZ, A PROFESSIONAL CORPORATION was a California Corporation with an address and principal place of business of 20058 Ventura Blvd, # 54, Woodland Hills, CA 91364.

13. Defendant, LEE M. MENDELSON, is an individual engaged in the business of collecting debts in this state with his principal place of business located at 20058 Ventura Blvd, # 54, Woodland Hills, CA 91364.

14. Defendant, MARC A. SCHWARZ, is an individual engaged in the business of collecting debts in this state with his principal place of business located at 20058 Ventura Blvd, # 54, Woodland Hills, CA 91364.

15. Defendant, MARTIN F. GOLDMAN is an individual engaged in the business of collecting debts in this state with his principal place of business located at 20058 Ventura Blvd, # 54, Woodland Hills, CA 91364.

16. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

18. Defendants MENDELSON, GOLDMAN, AND SCHWARZ, A PROFESSIONAL CORPORATION, LEE M. MENDELSON, MARC A. SCHWARZ, and MARTIN F. GOLDMAN are comprised of persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

19. Defendants, PENTAGON FEDERAL CREDIT UNION and MENDELSON, GOLDMAN, AND SCHWARZ, A PROFESSIONAL CORPORATION, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

20. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

21. Plaintiff is informed and believes, and based on said information and belief alleges, that at all relevant times mentioned herein, each defendant was the agent, employee, joint venturer, predecessor-in-interest, successor-in-interest, co-conspirator, alter ego or a partner of the other, and in doing the things alleged, was acting in the course and scope of said agency, employment, joint venture or other relationship. Each defendant has authorized, ratified and imposed the acts of the remaining defendants and each defendant ratified, entrusted, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-defendant, and each of them, as set forth below, and/or retained the benefits of said negligent and/or wrongful acts.

## IV. FACTUAL ALLEGATIONS

22. Sometime before February 20, 2012, Plaintiff is alleged to have incurred certain financial obligations with Pentagon Federal Credit Union ("PFCU Account").

23. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

24. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

25. Sometime thereafter, but before March 20, 2012, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged past due PFCU Account. Plaintiff currently takes no position as to the validity of this alleged past due PFCU Account.

26. On March 2, 2017, Defendants filed a Complaint with the Superior Court of California, County of Orange against Michelle Lee (formerly known as Michelle Ogle) for the PFCU Account.

27. Defendants regularly attempt to collect credit card bills.

28. The statute of limitations on a credit card debt in California is four years.

29. The Federal Trade Commission has determined that "most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations... When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." [www.ftc.gov/opa/2012/01/asset.shtm.]

30. This lawsuit caused Plaintiff severe emotional distress. Plaintiff's job requires that she hold a Department of Defense security clearance. Financial issues such as lawsuits are a red flag, which could have jeopardized her security clearance, and therefore her job. She was not able to eat or sleep regularly due to anxiety and stress. This fear caused Plaintiff to lose about ten pounds.

31. On May 3, 2017, Plaintiff met with and ultimately hired the Law Offices of Barak Berlin to help her defend herself against the complaint filed by

Defendants. Defending this case cost Plaintiff $3,800.00 in attorney's fees and $385.90 in costs.

32. After nearly five months of litigation, Defendants dismissed the complaint against Plaintiff due to the complaint being filed after the applicable statute of limitations after Plaintiff's counsel sent a demand to Defendant's counsel.

## V. CAUSES OF ACTION

**COUNT I**
**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**
**15 U.S.C. §§ 1692 ET SEQ.**
**(against Defendants Mendelson, Goldman, and Schwarz, A Professional Corporation, Lee M. Mendelson, Marc A. Schwarz, and Martin F. Goldman)**

33. Plaintiff repeats, re-alleges, and incorporates by reference, all previous paragraphs.

34. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(8), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f.

35. 15 U.S.C. §1692e provides that

> a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section....
>
> (2) The false representation of –
>
> (A) the character, amount, or legal status of any debt....
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false…

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....

36. 15 U.S.C. §1692f provides that

a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .

37. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages, including emotional distress, pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

**COUNT II**
**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
**(ROSENTHAL ACT)**
**CAL.CIV.CODE §§ 1788-1788.32**
**(against Defendants Pentagon Federal Credit Union and Mendelson, Goldman, and Schwarz, A Professional Corporation)**

38. Plaintiff repeats, re-alleges, and incorporates by reference, all previous paragraphs.

39. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

40. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages, including emotional distress, pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor as follows:

A.  **For the FIRST CAUSE OF ACTION**:
  (i)   An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1), including emotional distress.
  (ii)  An award of the maximum statutory damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A);
  (iii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3);
  (iv)  For such other and further relief as may be just and proper.

B.  **For the SECOND CAUSE OF ACTION**:
  (i)   An award of actual damages pursuant to Cal. Civil Code §1788.30(a), including emotional distress;
  (ii)  An award of the maximum statutory damages for Plaintiffs pursuant to Cal. Civil Code §1788.30(b);
  (iii) Attorney's fees, litigation expenses, and costs pursuant to Cal. Civil Code §1788.30(c);
  (iv)  For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Michelle Lee, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

DATED: February 23, 2018          **LAW OFFICES OF BARAK BERLIN**


/s/ Barak J. Berlin
BARAK J. BERLIN
Attorneys for Plaintiff MICHELLE LEE